UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re   JOHN VINCENT LAMAGNA

Debtor(s)

Case No. 16-13568

Chapter 13

**OBJECTION ONE:**
**OBJECTION: FANNIE MAE'S MOTION FOR RELIEF FROM AUTOMATIC STAY IS A FRAUD, PER DEFINITION OF "FRAUD" IN SJC 3:07: THE MASS. RULES OF PROFESSIONAL CONDUCT, AS IT WAS WRITTEN "WITH A PURPOSE TO DECEIVE" THIS HONORABLE COURT.**

Pro se debtor will prove attorney Michael Swain, esq. acted willfully and knowingly, "with a purpose to deceive" this honorable court, with this example(one of his many misrepresentations, "with a purpose to deceive within this motion), from the motion for relief of stay, that attorney Swain filed with this honorable court.

1. **FACT 1.**
Attorney Swain twice used words, "with a purpose to deceive" re: the debtor, who is a Tenant In Foreclosure, under Ch. 258/186A, with a lease, re: tenant having no agreement to reside/occupy the home tenant has resided in, with a lease, since 2009.
In paragraph 7. Swain states: "have no agreement".
In paragraph 8, Swain states "without any agreement"

2. **FACT 2.**
These are two willfully false and misleading statements, to this honorable court, that Swain used to convey just cause to proceed to eviction, which is the basis for the non-existent cause purported by attorney Swain as cause for the court to grant the motion for relief from stay, for which there is no bonafide cause.

3. **FACT 3.**
No cause to evict exists. Especially as debtor is a Tenant In Foreclosure, under Ch. 258/186A, and also NUNEZ v FANNIE MAE, as this fraudulent motion is a form of CONSTRUCTIVE EVICTION.

4. **FACT 4.**
This was a knowing and willful scheme, "with a purpose to deceive", this honorable court as attorney Swain knew these statements, and many others in the motion, were false and misleading.

5. **FACT 5.**
There are six facts and factors in the motion attorney Michael Swain wrote that are evidence of willful deception:

5. **FACT ONE:**
Debtor is a Tenant In Foreclosure with a lease.
This was never mentioned to the court by attorney Swain.
Attorney Swain, in fact, never used the word lease at all.
Instead of the truthful word lease he used the word agreement, specifically to create the false impression with the court that there is no lease, and also, that the tenant refued to enter into an agreement with Fannie Mae, thereby implying another falsehood ie. that Fannie Mae offered such an agreement.

5. **FACT 2.**
The tenant/debtor's lease is filed in ch. 13.
Swain, obviously, knows the debtor is in ch. 13.
Again, attorney Swain never mentions any lease to the court.
Obviously, Swain is relying on the unlikelihood that the court remembers there is one.
Also, obviously, attorney Swain is relying on the court relying on his word, as an Officer of The Court.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

*In re*   JOHN VINCENT LAMAGNA           *Case No.* 16-13568

                                          Chapter   13

                    Debtor(s)

OBJECTION    cont.

5. FACT THREE:
   Attorney Swain references ch. 13 schedules A and D, specifically
in support of his fraudulent motion.
This proves he read and reviewed the debtor's ch. 13 filing, where
there is a lease.
again, attorney Swain avoids mentioning a lease to the couty.

5. FACT FOUR:
   Attorney Swain never denies the lease, nor demands the lease.
   Again, attorney Swain never mentions the word lease at all, to
   the court.
   He writes an entire motion based on the lie that there is no lease,
   ie. "no agreement"

5. FACT FIVE:
   Fannie Mae has the lease, and has, since 2012.
   It is not reasonable to believe attorney Swain does not know this.
   The fact he never denies nor demands the lease, strongly indi-
   cates he knows there is one.

5. FACT SIX:
   The defective Notice To Quit, upon which attorney Swain asserts
Fannie Mae's right to proceed to summary process for eviction,
which Swain then uses as the cause for needing to lift the stay,
proves Swain has seen and read the Notice To Quit (otherwise, he's
misleading the court about that also), clearly uses the words "Tenants"
and "Tenancy ".

FACT 6. 6. To clarify: the words "tenant" and "tenancy" are in the Notice
To Quit, upon which the summons and complaint relies, that attorney
Swain uses as the premise for needing to lift the stay.
So, again, this indicates Swain knows there is a lease.
The words "tenant" and "tenancy" acknowledge there is a lease.
So, again, more proof Swain know there is a lease, and willfully mis-
represented this to the  court.

7. FACT 7.
   In spite of all of the above facts, attorney Swain never, not
once, mentioned there is a lease to the court. This requires alot of
forethought and verbal gymnastics.
It is no accident attorney Swain made sure this honorable court had no
idea there was a lease.
But, attorney Swain sure does make sure that he tells the court,
twice: "no agreementto reside/occupy).

Your Honor, under SJC 3:07: The Massachusetts Rules For Professional
    Conduct:
        That attorney Swain knows his statements and representations,
        throughout the entire motion, that he filed with this
        honorable court, were made, "With a purpose to deceive" can
        be inferred from the circumstances.

Debtor asks this honorable court to dismiss this motion, dismiss this
motion with prejudice and find attorney Swain in contempt of court.

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| *In re* JOHN VINCENT LAMAGNA | *Case No.* | 16-13568 |
| | Chapter | 13 |
| Debtor(s) | | |

OBJECTION ONE cont.


signed: _____
John V. LaMagna
841 Santuit Newtown Rd.
Marstons Mills, Ma 02648

508 420-1846

dated:   Nov. 3, 2016