**United States Bankruptcy Court**

**District of Massachusetts**

US BANKRUPTCY COURT
2016 NOV 10  AM 11 57

In re    John Vincent LaMagna                      Case No 16-13568
         841 Santuit-Newtown Rd.
         Marstons Mills, MA. 02648                 Chapter 13

Debtor

MOTION FOR:
REASONABLE ACCOMODATIONS DUE TO DEBTOR'S
DISABILITIES

　　　Now comes debtor John Vincent LaMagna before this honorable court, to plead for four reasonable accomadations to be made, due to his serious disabilities, which are presently both in an acute state.

DEBTOR ASSERTS THE FOLLOWING FACTS IN SUPPORT OF THIS MOTION:

1.  Debtor is both elderly and disabled.
2.  Debtor has been on SSDI since 2013.
3.  Debtor has two recognized disabilities:
    one is physical, the other one is non-physical.
4.  Physical disability is permanent and inoperative:
    caused by serious injuries sustained in accidental fall in 2008.
5.  Non-physical disability is "double depression", ie. both major depression and dysthymia together.
    It is rare, and considered extremely difficult to treat.
    　　It is also considered dangerous: "Double Depression" carries a higher risk of mortality than most forms of cancer.
6.  Debtor is also experiencing some verbal impairment(hopefully just temporary). He has an uncharacteristic difficulty with verbal communication, involving difficulty with recall(memory) and organizing his thoughts(confusion). These issues are caused by medications he is taking(see exhibit /-5 ), but are also known to be caused by depression itself.
7.  These issues are not present 100% of the time, but do happen with frequent recurrence. Problems with complex or abstract ideas, and especially issues re: time, dates, math, numbers, maps, recalling events in correct chronological order without points of reference.
8.  Debtor is able to compensate for loss of aforementioned verbal abilities by writing instead. This way, debtor can write or type at his own pace, when he is up to it, for a few minutes here, or an hour there, without added stress of an adversarial legal proceeding, which is virtually certain to severely aggravate the problem, making the memory and confusion problems, caused by both acute depression and medication side effects much worse.

United States Bankruptcy Court
District of Massachusetts

In re    John Vincent LaMagna            Case No 16-13568
        841 Santuit-Newtown Rd.          Chapter 13
        Marstons Mills, MA. 02648

---

**Debtor**

---

9.  Debtor cannot predict days, weeks, or even hours in advance, how well he will be doing. When he is at home, when he is unable to remember something? He can take the time to take a break to look for what he needs to remind him what he forgot, or he can go online, or ask someone who knows the answer. If he becomes confused, he can take a break until he is better. He cannot do this in a court proceeding, in a court of law, when he is pro se. The risk of harm to himself is too great a risk to take.
10. There are also issues re: risk to others, specifically, involving driving. It is not safe for debtor to drive at any time he is on pain medication. It is also not safe at times due to side effects of anti-depressants. It varies day to day and is not predictable or under control of the debtor.
11. On 10/14/16 debtor filed a motion to continue 341 meeting with the court, due to medical and medication issues. Deputy Clerk Kaine very kindly corrected debtor re; ch. 13 Trustee is the one to ask about a continuance. Debtor sent the same motion with a letter of explanation, to chapter 13 Trustee, Carolyn Bankowski. Trustee Bankowski approved the continuance for good cause, to 11/22/16 and subsequently to 12/20/16, for good cause. see exhibits 6, 7, 8, 9,10,11 Cause still exists.
12. Driving issue is further complicated by not taking pain meds, ie. debtor can be five minutes on the road when his right arm and hand go numb, and/or the right arm and shoulder, and/or the back, in terrible pain, at a time when he absolutely cannot take any pain meds.
13. Debtor has absolutely no history of substance abuse, ie neither alchohol or drug abuse of any kind. Debtor has had only one bottle of oxycodone( w/ a prescription)and that lasted for two years. Debtor will not take any strong pain meds unless the pain is debilitating. Debtor has a yellow lab with unbelievable OCD, and she takes xanax. Debtor wouldn't think of touching it himself, no matter how much stress and anxiety he is suffering. He is very anti-drug. So, if he is taking any medication? He has no choice.
14. Debtor has no choice, no capacity or ability to either aggravate, or mitigate how disabled he is, or is not. Debtor was not inebriated when his fall occurred. He does not drink. Debtor's depression is a genetic, inherited, bio-chemical condition. Just as debtor would not ask for medication if he has a choice, he would not ask for special accomodations---if he had a choice.

**United States Bankruptcy Court**
**District of Massachusetts**

US BANKRUPTCY COURT
2016 NOV 10 AM 11 57

In re   John Vincent LaMagna
        841 Santuit-Newtown Rd.
        Marstons Mills, MA. 02648

Case No 16-13568

Chapter 13

Debtor

<u>DEBTOR ASKS THIS HONORABLE COURT FOR THESE FOUR REASONABLE
ACCOMODATIONS DUE TO DEBTORS' DISABILITIES:</u>

<u>FIRST</u>
<u>RE: COMMUNICATION VIA FAX</u>

<u>IN LIEU OF, AS AN ALTERNATIVE TO, TELEPHONE CONVERSATION OR IN PERSON
CONVERSATION, OR EMAIL CONTACT</u>: All communication between elderly
disabled pro se ch. 13 debtor John V. LaMagna, and any adver-
sarial ch. 13 party, and/or their attorneys or other agents
(specifically including "Fannie Mae" and their attorneys and/or
other agents)<u>WHERE TIME IS OF THE ESSENCE, OR A RESPONSE IS DUE
FROM EITHER PARTY TO THE OTHER, OR TO THE COURT, IN 30 DAYS OR
LESS</u>, all communication must be via fax, and on the record. Not
by mail, not by telephone, not by email, and not in person(out-
side of court).

1. This serves the purpose of reasonably accomodating elderly dis-
   abled debtor's disability-related issues, described in _6, 7, 8, 9_
   above.
2. Even better, it keeps everything on the record. For any court
   proceeding, that is indisputedly a good thing, and causes no
   harm to anyone.
3. This reasonable accomodation causes harm to no one, and miti-
   gates unreasonable risk of disability-related harm being done
   to the elderly disabled pro se debtor a.k.a. "Tenant in Fore-
   closure".
4. This, of course, excludes the normal and customary and legal
   requirement of service by first class mail.
5. Faxing to debtor over debtor's phone line can easily be arranged
   with debtor by leaving a voice mail message indicating when
   intention to send a fax, with a reasonable window of time for
   debtor to switch from phone to fax mode.

NOTE:
<u>VOICE MAIL MESSAGE RE: WHAT TIME OPPOSING PARTIES/ATTORNEYS INTEND
TO SEND A FAX SHOULD BE NO LONGER THAN 30 SECONDS, AND NO OTHER SUB-
JECT OR MESSAGE IS TO BE REFERENCED IN THE VOICE MAIL MESSAGE RE:
SENDING A FAX.</u>

**United States Bankruptcy Court**
**District of Massachusetts**

US BANKRUPTCY COURT
2016 NOV 10 AM 11 57

In re  John Vincent LaMagna
       841 Santuit-Newtown Rd.
       Marstons Mills, MA. 02648

Case No 16-13568

Chapter 13

_____Debtor_____

SECOND
RE: ALL HEARINGS(if any)TO BE CONTINUED TO 12/20/16 OR AFTER,
FOR GOOD CAUSE:
Please see attached exhibits: _10, 11_

1. This serves the purpose of reasonably accomodating the elderly disabled pro se debtor's disability related issues, described in _10_ above.
2. This reasonable accomodation causes harm to no one, and mitigates unreasonable risk of disability-related harm being done to the elderly disabled pro se debtor a.k.a "Tenant in Foreclosure".

THIRD
RE: COMMUNICATION IN WRITING

IN LIEU OF, AS AN ALTERNATIVE TO, TELEPHONE CONVERSATIONS OR IN PERSON, CONVERSATION, OR EMAIL CONTACT: all communication between elderly disabled debtor, pro se ch. 13, John Vincent LaMagna, and any adversarial ch. 13 party and/or their attorneys or other agents (specifically including "Fannie Mae" and/or their attorneys or other agents), WHERE TIME IS NOT OF THE ESSENCE, AND NO RESPONSE IS DUE FROM EITHER PARTY TO THE OTHER, OR TO THE COURT, IN THIRTY DAYS OR LESS, is to be written communication, sent by mail or fax. No telephone communication(except to leave brief 30 second message on voice mail indicating intention to send a fax, so pro se debtor can switch his phone to fax mode). No email. No in person contact or communication(outside court).

1. This serves the purpose of reasonably accomodating elderly disabled pro se debtor's disability-related issues, described in _____ above.
2. Even better, it keeps everything on the record for any court proceeding, that is an indisputedly good thing, that causes harm to no one.
3. This reasonable accomodation causes harm to no one, and mitigates unreasonable risk of disability-related harm being done to elderly disabled pro se ch. 13 debtor a.k.a. "Tenant in Foreclosure".

United States Bankruptcy Court
District of Massachusetts

In re   John Vincent LaMagna
841 Santuit-Newtown Rd.
Marstons Mills, MA. 02648

Case No 16-13568

Chapter 13

**Debtor**

FOURTH
RE: WRITTEN INTERROGATORIES, IF SWORN TESTIMONY REQUIRED

IN LIEU OF IN PERSON SWORN TESTIMONY UNDER OATH:

Disabled chapter 13 pro se debtor can give his testimony under oath, subject to pain and penalty of perjury, in the form of interrogatories. As debtor understands it, the questions would be given to him(via fax or mail)in writing, and debtor would be required to answer all questions under oath, with the same penalties for perjury that would apply for testimony given in court, under oath.

1. This serves the purpose of reasonably accomodating elderly disabled ch. 13 pro se debtor's disability-related issues, described in _6, 7, 8, 10_ above.

2. This reasonable accomodation causes harm to no one, and mitigates unreasonable risk of disability-related harm being done to the elderly disabled pro se ch. 13 debtor a.k.a. "Tenant in Foreclosure".

signed: _[signature]_

John V. LaMagna
841 Santuit Newtown Rd.
Marstons Mills, Ma. 02648

508 420-1846

dated: _Nov. 7, 2016_